## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DAJAI NORMAN**<br>**Plaintiff,** | ) )<br>)<br>) |
| **v.** | ) **Case No.:**<br>)<br>) |
| **UNIFUND CCR LLC, an Ohio** | ) **COMPLAINT** |
| **Limited Liability Company;** | ) |
| **And COOLING & WINTER,** | ) |
| **LLC, a Georgia Limited Liability** | ) |
| **Company, Defendants.** | ) |
| | ) **JURY TRIAL DEMANDED** |

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT & GEORGIA'S FAIR BUSINESS PRACTICES ACT

COMES NOW, Dajai Norman, Plaintiff, and states the following Complaint for violations of the Fair Debt Collection Practices Act against UNIFUND CCR LLC ("Unifund") and COOLING & WINTER, LLC ("CW") and Georgia's Fair Business Practices Act against Unifund.

## INTRODUCTION

1.

Plaintiff, Dajai Norman, through her counsel, brings this action to challenge the acts of Defendants regarding their illegal efforts to misleadingly and abusively collect a consumer debt allegedly owed by Dajai Norman and this conduct caused Plaintiff's damages.

2.

While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

3.

Plaintiff contends that any and all violations by Defendants as alleged in this Complaint were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

4.

This action arises out of Defendants' illegal and improper efforts to collect a consumer debt, and includes multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA") and Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.* ("FBPA") and Plaintiff's claims under these statutes are so related that they form the same case or controversy.

5.

Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 & 1337, as well as 28 U.S.C. § 1367 (Supplemental Jurisdiction).

6.

This Court has personal jurisdiction over the Defendants for the purposes of this action because Defendants transact business in the State of Georgia and the committed acts that form the basis for this suit occurred within the State of Georgia.

7.

Defendant CW has its principal place of business within the State of Georgia.

8.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action as alleged in this complaint occurred in this District, targeted Plaintiff, who is a resident of this District, and Defendant CW has a principal place of business within this District.

9.

Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the conduct complained of herein occurred in Fulton County.

## **PARTIES**

10.

Plaintiff Dajai Norman is a natural person who is a resident of Fulton County, Georgia.

11.

Dajai Norman is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3), as she is a natural person who Defendants alleged was obligated to pay a consumer debt.

12.

Defendant Unifund is a Limited Liability Company organized under the laws of the State of Ohio and does business within the State of Georgia, particularly within Fulton County, Georgia.

13.

Unifund may be served through its Georgia registered agent, CORPORATION SERVICE COMPANY at 40 TECHNOLOGY PARKWAY SOUTH, SUITE 300, NORCROSS, GA 30092. Defendant Unifund may also be served through a Member of the limited liability company or a manager of the limited liability company at its principal place of business located at 10625 TECHWOODS CIRCLE, CINCINNATI, OH, 45242.

14.

Unifund is in the business of debt collection.

15.

Unifund is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of any debts.

16.

Defendant CW is a Limited Liability Company organized under the laws of the State of Georgia and does business within the State of Georgia, particularly within Fulton County, Georgia.

17.

CW may be served through its Georgia registered agent, CSC OF COBB COUNTY, INC., 192 ANDERSON STREET SE, SUITE 125, MARIETTA, GA, 30060.

18.

CW may also be served through a Member of the limited liability company, a manager of the limited liability company, or one of its attorneys at 1090 Northchase Parkway, Suite 300, Marietta, GA, 30067.

19.

CW is a law firm in the business of debt collection.

20.

CW is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of any debts.

21.

CW is a debt collector as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

**FACTUAL ALLEGATIONS**

22.

Plaintiff has been alleged to have incurred a financial obligation that was primarily for personal, family or household purposes, namely, a consumer debt in the approximate amount of $1,710.50 for a credit card account with Capital One Bank, (USA), N.A. ("the Debt").

23.

Upon information and belief, the Debt was a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

24.

Plaintiff is a victim of identity theft and disputed the Debt with the original creditor, Capital One Bank, (USA), N.A., ("Capital One"), as not belonging to her.

25.

Upon good faith information and belief, an unknown individual purportedly residing in Arizona stole Plaintiff's identity and opened credit accounts in her name, and without her knowledge or consent.

26.

The Debt purportedly originated in Arizona.

27.

Plaintiff has never resided in Arizona.

28.

Plaintiff did not owe the Debt the Capital One.

29.

Capital One knew Plaintiff did not owe the Debt.

30.

Defendants knew or should have known that Plaintiff did not owe the Debt.

31.

On or about October 30, 2019, CW filed a lawsuit on behalf of its client Unifund against Plaintiff seeking to recover the Debt ("State Lawsuit").

32.

The State Lawsuit was filed in the Magistrate Court of Fulton County as Civil Action Number 19MS127998.

33.

In the State Lawsuit Complaint, Defendant Unifund alleged that it was the legal assignee of Capital One in regard to the Debt allegedly owed by Plaintiff.

34.

A true and accurate copy of the Complaint filed in the State Lawsuit is attached hereto as **Exhibit A**.

35.

Defendants sought to recover $1,710.50 in its State Lawsuit against Plaintiff.

36.

Defendants expressly characterized the amount sought in the State Lawsuit as being "principal".

37.

Defendants did not break down principal and interest amounts in their State Lawsuit.

38.

Defendants also sought court costs in its State Lawsuit against Plaintiff.

39.

Defendants attached several documents to their Complaint in the State Lawsuit which included incorrect statements as to the amount, character, and ownership of the Debt.

40.

Additionally, Defendants attached several documents to their Complaint in the State Lawsuit which clearly showed the debt purportedly arose in Arizona.

41.

On December 18, 2019, Plaintiff responded to the State Lawsuit denying Defendants' claims ("Answer").

42.

Along with her Answer, Plaintiff also filed a sworn Affidavit asserting that she did not owe the Debt.

43.

A true and accurate copy of the Answer and Affidavit filed by Plaintiff in response to the State Lawsuit is attached hereto as **Exhibit B**.

44.

Defendants were served a copy of Plaintiff's Answer and Affidavit on December 18, 2019.

45.

Defendants did not dismiss the State Lawsuit against Plaintiff upon receipt of Plaintiff's Answer and Affidavit.

46.

Defendants continued to pursue Plaintiff for a Debt she did not owe even after

receiving Plaintiff's Answer and Affidavit.

47.

On several occasions thereafter, Defendants were additionally informed that Plaintiff did not owe the Debt.

48.

Defendants did not dismiss the State Lawsuit against Plaintiff upon receipt of these communications that Plaintiff did not owe the Debt.

49.

Despite these communications that Plaintiff did not owe the Debt, Defendants continued to pursue Plaintiff for a Debt she did not owe for nearly five months.

50.

Defendants refused to "investigate" Plaintiff's claim that she did not owe the Debt until Plaintiff provided a notarized sworn FTC Identify Theft Affidavit.

51.

On or around March 3, 2020, Defendants were provided with a notarized sworn FTC Identify Theft Affidavit executed by Plaintiff.

52.

Even after receiving the FTC Identity Theft Affidavit, Defendants did not dismiss the State Lawsuit against Plaintiff.

53.

Defendants continued to pursue Plaintiff for another three months for a Debt she did not owe, even after receiving the completed FTC Identity Theft Affidavit.

54.

Defendants ultimately filed a Dismissal without Prejudice dismissing their State Lawsuit on June 2, 2020 at 4:17 pm, one day prior to a scheduled court ordered mediation ("Dismissal").

55.

A true and accurate copy of the Dismissal of the State Lawsuit filed by the Defendants is attached hereto as **Exhibit C**.

## **STANDING**

56.

Plaintiff has suffered an injury in fact as a result of Defendants' violations of the FDCPA.

57.

The injury caused by Defendants' FDCPA violations has affected Plaintiff in a personal and individual way.

58.

Specifically, Defendants' violations of the FDCPA have violated Plaintiff's statutory rights.

59.

The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc*., No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

60.

Defendants' violations of the FDCPA have also caused Plaintiff to be injured in a personal and individual way by causing Plaintiff unnecessary stress and anxiety, as well as causing Plaintiff to expend resources in the form of time and money, that would not have occurred but for Defendants' violations of the FDCPA.

61.

Plaintiff's injury caused by Defendants' violations of the FDCPA are concrete and actually exist.

62.

Defendants' violations of the FDCPA have resulted in an injury-in-fact that is particularized to Plaintiff because the FDCPA creates legal rights for Plaintiff that were invaded by Defendants' violations of the FDCPA.

63.

An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

64.

Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

65.

Defendants have subjected Plaintiff to false, deceptive, unfair, and unconscionable means to collect a consumer debt.

66.

The FDCPA statutorily creates Plaintiff's rights as well as a private right of action to enforce the statutorily created rights.

67.

The FDCPA's statutorily created rights include consumer rights to truthful and correct information, instead of false and misleading information, as well as rights to be free from intimidation, harassment, and unfair or unconscionable methods of attempting to collect debts.

68.

Plaintiff's injuries caused by Defendants' violations of the FDCPA are particular and concrete in that they are legally cognizable injuries through the FDCPA, they have invaded Plaintiff's legal rights, and they have resulted in stress and anxiety as well as lost resources.

69.

Accordingly, through the violation of Plaintiff's statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

70.

As a result of the Defendants' actions and/or omissions, Plaintiff has suffered actual damages as a result of being subjected to false, deceptive, unfair, and unconscionable debt collection practices as detailed more thoroughly herein.

**FIRST CAUSE OF ACTION (FDCPA)**
**Violations of the Fair Debt Collection Practices Act**

71.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

## COUNT 1
### *Defendants' FDCPA Violations by Instituting and Continuing Collection Efforts Against Plaintiff for a Debt She Did Not Owe*

72.

Defendants violated the FDCPA by initiating collection actions against Plaintiff when Defendants knew or should have known that Plaintiff did not owe the Debt.

73.

Defendants violated the FDCPA by continuing to pursue collection actions against Plaintiff when Defendants knew or should have known that Plaintiff did not owe the Debt.

74.

Defendants dismissed the State Lawsuit against Plaintiff because Plaintiff did not owe the Debt.

75.

Defendants dismissed the State Lawsuit against Plaintiff because they knew they could not prove that Plaintiff owed the Debt.

76.

By virtue of pursuing Plaintiff for a Debt she did not owe, Defendants misrepresented the character, amount, and legal status of the Debt in violation of the FDCPA.

77.

Defendants' actions are in violation of the FDCPA's prohibition against using false, deceptive, or misleading representations or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

78.

Specifically, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692e(2) by making a "false representation of—(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2).

79.

Defendants' actions are in violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt. 15 U.S.C. § 1692f.

80.

Specifically, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692f(1) by seeking to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

81.

Defendants' actions have caused Plaintiff anxiety and stress, emotional distress, the cost of hiring legal counsel to defend the State Lawsuit and have resulted

in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

82.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

## COUNT 2
### *Defendants' FDCPA Violations in Connection with Collection of the Debt*

83.

Defendants attempted to collect the incorrect amount for the Debt from Plaintiff in violation of the FDCPA.

84.

Any amounts sought by Defendants in their collection efforts against Plaintiff in connection with the Debt were incorrect because Plaintiff did not owe the Debt.

85.

Defendants' use of documents attached to the State Lawsuit that contain incorrect and conflicting statements as to the amount, character, and ownership of the Debt in order to try and collect the incorrect amount for the Debt from Plaintiff is in violation of the FDCPA.

86.

Defendants' incorrect statements as to the amount, character, and ownership of the Debt in the State Lawsuit, and their attempt to collect an incorrect amount from Plaintiff in the State Lawsuit, are in violation of the FDCPA.

87.

In their attempt to collect the Debt from Plaintiff, Defendants also attempted to collect improper interest, fees, and costs in addition to the Debt in their State Lawsuit against Plaintiff.

88.

Specifically, Defendants' State Lawsuit also sought to collect the costs of its State Lawsuit against Plaintiff.

89.

Because Plaintiff did not owe any amount of money to Defendants, Defendants were not entitled to collect the costs of the State Lawsuit.

90.

Defendants' actions are in violation of the FDCPA's prohibition against using false, deceptive, or misleading representations or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

91.

Specifically, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692e(2) by making a "false representation of—(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2).

92.

Defendants' actions are in violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt. 15 U.S.C. § 1692f.

93.

Specifically, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692f(1) by seeking to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

94.

Defendants' actions have caused Plaintiff anxiety and stress, emotional distress, the cost of hiring legal counsel to defend the State Lawsuit and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

95.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

## COUNT 3
### *Defendants' FDCPA Violations by Seeking Interest as Principal*

96.

In its Complaint in the State Lawsuit against Plaintiff, Defendants falsely represented that the alleged Debt due consisted solely of "principal".

97.

According to documents attached to the State Lawsuit by Defendants, the Debt was actually comprised of principal, interest, and other fees.

98.

Georgia law only allows post-judgment interest to accrue on principal, not interest. O.C.G.A. § 7-4-12(a).

99.

Defendants combined interest and principal for the Debt into one total amount in their State Lawsuit and did not separate their claims for principal and interest.

100.

Defendants did not break their claimed amount into interest and principal in order to increase the potential amount they will collect in post- judgment interest by obtaining an order that includes interest as principal so they can obtain post-judgment interest on interest in violation of Georgia law.

101.

Defendants' actions are in violation of the FDCPA's prohibition against using false, deceptive, or misleading representations or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

102.

Specifically, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692e(2) by making a "false representation of—(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2).

103.

Defendants' actions are in violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt. 15 U.S.C. § 1692f.

104.

Specifically, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692f(1) by seeking to collect "any amount (including any interest, fee, charge, or expense

incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

105.

Defendants' actions have caused Plaintiff anxiety and stress, emotional distress, the cost of hiring legal counsel to defend the State Lawsuit and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

106.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

**SECOND CAUSE OF ACTION (FBPA)**
**Violations of Georgia's Fair Business Practices Act by Unifund**

**COUNT 1**
**Violations of Georgia's FBPA**

107.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

108.

Defendant Unifund's unfair and deceptive acts or practices in the conduct of consumer transactions violate Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 et seq. (the "FBPA").

109.

The purpose of the FBPA is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

110.

O.C.G.A. § 10-1-391 directs that the FPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

111.

O.C.G.A. § 10-1-393(a) of the FBPA broadly prohibits unfair and/or deceptive business practices.

112.

Defendant Unifund's conduct has implications for the consuming public in general.

113.

Defendant Unifund's conduct negatively impacts the consumer marketplace.

114.

Defendant Unifund intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

115.

Defendant Unifund's actions constitute unfair or deceptive acts or practices in the conduct of consumer transactions in trade or commerce and therefore violate FBPA.  O.C.G.A. § 10-1-390 *et seq.*

116.

Defendant Unifund's conduct as described herein constitute independent violations of the FBPA.

117.

Defendant Unifund's actions also violate the FDCPA 15 U.S.C. §§ 1692 *et seq.*, as detailed herein.

118.

Courts have recognized that violations of the FDCPA are also violations of the FBPA.  O.C.G.A. § 10-1-390 et seq. *See 1st Nationwide Collection Agency v. Werner*, 288 Ga. App. 457, 458-60, 654 S.E.2d 428, 430-31 (2007).

119.

Defendant Unifund's actions in violation of the FDCPA, and therefore in violation of Georgia's FBPA, were intentional in nature and part of a business model

designed to collect debts based on false, misleading, deceptive, unfair, unconscionable, abusive, harassing, and oppressive collection practices.

120.

Defendant Unifund's use of documents attached to the State Lawsuit that contain incorrect and conflicting statements as to the amount, character, and ownership of the Debt in order to try and collect the incorrect amount for the Debt from Plaintiff is an unfair and deceptive act or practice in the conduct of consumer transactions.

121.

Defendant Unifund's incorrect statements as to the amount, character, and ownership of the Debt in the State Lawsuit, and their attempt to collect an incorrect amount from Plaintiff in the State Lawsuit, are unfair and deceptive acts or practices in the conduct of consumer transactions.

122.

Defendant Unifund's actions were done intentionally in order to try and collect the incorrect amount and character of the debt from Plaintiff.

123.

As a result of Defendant Unifund's unfair and deceptive acts or practices in the conduct of consumer transactions, Plaintiff suffered stress, anxiety, and emotional distress—otherwise known as garden-variety emotional distress—and

incurred legal costs to defend the State Lawsuit in an amount to be shown with more particularity at a later date.

124.

Defendant Unifund does not maintain a place of business and do not keep assets within the State of Georgia, and therefore the requirements of O.C.G.A. § 10-1-399(b) do not apply to Plaintiff's claims against Defendant Unifund in this lawsuit.

125.

Plaintiff seeks actual damages from Defendant Unifund for the mental and emotional distress caused by Defendant Unifund's actions in violation of the FDCPA and FBPA, as well as other actual damages that may be shown with more particularity at a later date. O.C.G.A. § 10-1-399(a).

126.

Plaintiff seeks damages of three times actual damages, against Defendant Unifund its intentional and purposeful action in attempting to collect the Debt in violation of the FBPA.  O.C.G.A. § 10-1-399(c).

## COUNT 2
### *Punitive Damages Under Georgia's FBPA against Unifund*

127.

Plaintiff has a statutorily created right to "exemplary damages," sometimes also called punitive damages, pursuant to O.C.G.A. § 10-1-399(a) for intentional violations of the FBPA.  O.C.G.A. § 10-1-390 *et seq.*

128.

Plaintiff allege that Defendants' continued actions as described herein are intentional in nature and requests that this Court award Plaintiff exemplary damages in an amount to be determined by the enlightened conscious of a jury.

129.

Plaintiff further seeks full recovery of reasonable attorney's fees and costs for this action in accordance with O.C.G.A. § 10-1-399(d).

## **JURY DEMAND**

130.

Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays that this Court:

(1)   Find Defendants liable for violations of the Fair Debt Collection Practices Act for the reasons stated in the Complaint above;

(2)   Award Plaintiff the full $1,000 statutory damages for each Defendants' FDCPA violations;

(3)   Award Plaintiff actual damages in an amount to be shown with more particularity at a later date, but which includes the court costs and attorneys' fees incurred by Plaintiff in the State Lawsuit;

(4)   Find Defendant Unifund liable for actual damages in an amount to be shown with more particularity at a later date for their violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*;

(5)   Find Defendant Unifund liable for treble damages for their intentional

violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(c);

(6)  Find Defendant Unifund liable for punitive damages for their intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(a);

(7)  Award Plaintiff reasonable attorney's fees and costs in accordance with the FDCPA 15 U.S.C. § 1692k(a)(2)-(3);

(8)  Award Plaintiff reasonable attorney's fees and costs in accordance with the Georgia's FBPA, O.C.G.A. § 10-1-399(d), for Defendant Unifund's violations of Georgia's Fair Business Practices Act;

(9)  Award Plaintiff the reasonable costs of this action;

(10)  Award Plaintiff other expenses of litigation;

(11)  Grant Plaintiff such other and additional relief as the Court deems just and equitable.


Respectfully submitted this 17th day of August 2020.


/s/ *Jillian Sandt*
_____
Jillian Sandt
Georgia Bar No. 854396
Attorney for Plaintiff

SANDT LAW LLC
P.O. Box 188
Tucker, GA 30085
(770) 714-1404
jill@sandtlawllc.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font.

Submitted August 17, 2020.

<u>/s/Jillian Sandt</u>
JILLIAN SANDT
Georgia Bar No.: 854396
ATTORNEY FOR PLAINTIFF

SANDT LAW LLC
P.O. Box 188
Tucker, Ga 30085
(770)714-1404
jill@sandtlawllc.com